No. 2206.—SPALDING & ROGERS v. JOHN P. WALDEN et als.

In a forced sale of an absentee's property under an attachment process, in 1862, while Con-
federate notes were a circulating medium, the absentee will be presumed not to have
consented to the sale of his property in such unlawful currency; and in case it has been
subsequently determined that the absentee should receive the price of the sale, the
sheriff who made the sale and received the price, can not be permitted to set up in
defense to its payment that the sale was made for and the price received was in Con-
federate notes, and that he, the sheriff, could not be compelled to pay any other than such
currency as he had received. In such a case the presumption is the other way; that is,
that the absentee did not sanction or approve the sale of his property for unlawful cur-
rency.

A suit to recover from the sheriff money made by him in a judicial proceeding, is not an
action against the sheriff for misfeasance or nonfeasance in office, and is not therefore
prescribed by two years.

APPEAL from the Fourth District Court, parish of Orleans. *Théard,*
J. *Richard Shackelford,* for plaintiffs and appellees. *Fellows &
Mills,* for defendants and appellants.

WYLY, J. In September, 1861, David Bidwell, claiming to be a
creditor of the plaintiffs, who were citizens, the one of New York and
the other of Pennsylvania, sued out an attachment against them in
the Sixth District Court of New Orleans, under which was seized their
steamboat called the Banjo, which was sold by the defendant, Walden,
then sheriff, under a preliminary order of court, on the twenty-fourth
day of February, 1862, for $2000 cash.

After the occupation of the city by the United States forces, in 1862,
the attachment was released, and the court ordered the proceeds of
the sale of the steamboat Banjo to be paid over by the said John P.
Walden to Spalding & Rogers, the defendants in the said attachment
suit. Having failed to do so, the present suit was instituted by the
plaintiffs against him and the sureties on his bond as sheriff.

The defense urged in the brief is that the currency at the time of
the sale was Confederate treasury notes; that such currency could
only have been expected at the time of the sale, and that the sheriff

was bound to hold the same until the parties agreed to the distribution. In support of this position, the case of Harvey, syndic, *v.* Walden et als., lately decided, is relied on. In the case cited, the plaintiff obtained from the court an order of sale, and placed it in the hands of the sheriff in 1862, and under the writ the sheriff sold the property for Confederate treasury notes, which he deposited in bank, and the proceeds of the sale were not called for by the plaintiff till August, 1863, and it was proved that the sheriff was ready and willing at all times to pay over the currency received by him. In that case the court held that the plaintiff, residing in the city of New Orleans, must be presumed to have known that there was no other currency in circulation except Confederate money at the time he placed the writ in the hands of the sheriff, and by placing the writ in the hands of the latter to sell the property of his debtor, he authorized him to receive Confederate treasury notes for the price.

The theory of that decision was that by requiring the sale at the time he knew it could only be effected for Confederate money, the plaintiff in execution authorized the receipt of that unlawful currency by the sheriff, and should not be permitted to take advantage of the latter in a proceeding sanctioned by himself.

In the case at bar, however, there is entirely a different state of facts.

The defendants in the attachment suit, the plaintiffs in this suit, can not be presumed to have authorized the sale, or in any manner to have sanctioned the proceeding, being at the time absent from the city, and residing, one in New York and the other in Pennsylvania.

It would be unreasonable to presume that these citizens of loyal States, whose property was attached in rebel lines, authorized the sale thereof under a preliminary order of court for Confederate treasury notes, or that they sanctioned the receipt of said notes by the sheriff for the sale of their property.

We think the judgment of the court below in favor of the plaintiffs is correct.

Judgment affirmed

## On Application for Rehearing.

WYLY, J. It is unnecessary to grant a rehearing on the question of prescription, which escaped the attention of the court, because there is nothing in it to change our conclusions.

The case, as made in the pleadings, is not an action for misfeasance or nonfeasance by the sheriff, to which the prescription of two years is applicable under the act of 1855, but it is for the recovery of money which the answer says was received by the sheriff and put in bank, and which funds he was unable to withdraw to liquidate said claim by military orders, etc.

The Confederate money defense was not pleaded; it is only set up in the brief, and all that the record shows in relation to it is the evidence of one witness, that at the period of the sale that illegal currency was in circulation. As it was insisted in the brief that the case is covered by the rule announced in Harvey, syndic, *v.* Walden et als., and as indeed the whole defense was placed upon that decision, we assumed for argument the fact that Confederate money was received, as asserted in the brief, and proceeded to show that the theory of that decision is not applicable to this case, because the facts are different.

While a judgment creditor, requiring the sale of his debtor's property at a time he knows it can not be effected by the sheriff except for Confederate money, is presumed to sanction the receipt thereof by him, an absent defendant, whose property has been attached and sold under a preliminary order of court, as in this case, is not presumed to authorize the sale, and parties residing in loyal States are not presumed to sanction the sale of their property in rebel lines for Confederate treasury notes. In using this argument, we did not decide the character of the action. That must be determined by the pleadings. And we repeat there is nothing in the pleadings showing that this suit is for a misfeasance or nonfeasance, or for an offense or quasi offense committed by the sheriff, in bar of which the prescription of two years is applicable. Revised Statutes of 1870, section 2816.

The application for rehearing is therefore refused.